RESOLUTION TRUST CORPORATION, in its *Corporate Capacity*, Plaintiff,

v.

H.R. "Bum" BRIGHT, Individually and as Predecessor Trustee for, and Clay Van Ness Bright as Successor Trustee for, Martha Carol Bright Reeder Trust, Margaret Louise Bright Petty Trust, Christopher Roberts Bright Trust; H.R. Bright as Predecessor Trustee for, and Christopher Roberts Bright as Successor Trustee for Clay Van Ness Bright Trust; James B. "Boots" Reeder; Robert B. Payne, Individually and as Predecessor Trustee for, and Clay Van Ness Bright as Successor Trustee for William Christopher Reeder Trust, Bryan Taliaferro Reeder Trust, Caroline Bright Reeder Trust, Nathan Bright Petty Trust, Margaret Louise Petty Trust, Elizabeth Carrie Petty Trust, Bradford Clay Petty Trust, and Christopher Roberts Bright Children Trust; and Robert B. Payne as Predecessor Trustee for, and Christopher Roberts Bright as Successor Trustee for Stuart Harvey Bright Trust, Justin Clay Bright Trust, and Parker Madison Bright Trust, Defendants.

Civ. A. No. 3:92–CV–0995–D.

United States District Court, N.D. Tex., Dallas Division.

Sept. 13, 1994.

Stewart R. Werner and Johnny K. Merritt of Mullin Hoard & Brown, L.L.P., Amarillo, TX, Victor L. Roy, III and Kyle M. Keegan of Roy, Kiesel, Aaron & Tucker, Baton Rouge, LA, Janice Parker of Orenstein & Simmons, P.C., Dallas, TX, and Carolyn Pratt Perry of Resolution Trust Corp., Washington, DC, for plaintiff.

Ernest E. Figari, Jr., A. Erin Dwyer, and Donald Colleluori of Figari & Davenport, L.L.P., and Rosemary Stewart of Akin, Gump, Strauss, Hauer & Feld, Dallas, TX, for defendants H.R. Bright and James B. Reeder.

FITZWATER, District Judge:

■ This appeal from an order of the magistrate judge denying a motion to compel presents the question whether directors and officers sued by the Resolution Trust Corporation ("RTC"), in its corporate capacity, for damages the directors and officers allegedly caused to a failed financial institution, may obtain discovery concerning post-conservatorship actions of the RTC in order to challenge the RTC's calculation of its damages claims. The court concludes that directors and officers are entitled to such discovery, that the non-privileged portions of three of the four documents in dispute are discoverable on this basis, and that these parts should have been ordered produced. The order is therefore affirmed in part and reversed in part and plaintiff is ordered to produce the non-privileged portions of these documents.

## I

This is an action by plaintiff RTC, in its corporate capacity, to recover against several defendants for breach of contract, misrepresentations, fraud, breach of fiduciary duties, conspiracy, negligence, and gross negligence that the RTC alleges injured the failed Bright Banc Savings Association ("Bright Banc").[1]

One of the claims brought by the RTC centers on a Bright–Laughlin Office Partners ("BLOP") project. According to the RTC's complaint, defendants H.R. Bright ("Bright") and James B. Reeder ("Reeder"), both of whom were Bright Banc directors and officers at various times, caused Bright Banc to agree to finance construction of an office building and parking garage on a parcel of land located in downtown Dallas, Texas. *See* 2d Am.Complt. at ¶¶ 92–93. The parcel of property, which was to be leased from the Catholic Diocese of Dallas ("Diocese") for a term of 99 years, surrounded the Cathedral Sanctuario de Guadalupe. *Id.* at ¶¶ 92–94. C. King Laughlin ("Laughlin"), a Dallas realtor, conceived the idea. *Id.* at ¶ 92. Laughlin and Bright Realty Corporation ("Bright Realty"), a Bright Banc subsidiary, became partners in the development of the project. *Id.* at ¶ 93. Bright Realty and Laughlin formed BLOP, which was to develop, construct, and operate an office building and parking garage on the property. *Id.* In October 1985 Laughlin and Bright Realty entered into the ground lease with the Diocese. *Id.* at ¶ 94. Pursuant to the lease agreement, Bright Realty and Laughlin obligated themselves to make rental payments, construct an administration building and parking garage, and secure construction of the garage with a letter of credit. Laughlin and Bright Realty had an option to build a 40–story office building on the leased premises. *Id.*

The RTC alleges that Bright Banc funded $12 million for BLOP, that the project was speculative, and that it was "a total loss." *See id.* at ¶ 99. The RTC sues defendants to recover several million dollars in damages,

---

1. This case is the subject of a published Fifth Circuit opinion that addressed a matter decided by another judge of this court before the action was transferred to the undersigned's docket. *See RTC v. Bright,* 6 F.3d 336 (5th Cir.1993).

including the sum of $12 million in connection with the BLOP loans. *See id.* at p. 66 (prayer for relief, item no. 4).

Defendants Bright and Reeder object in part to an order of the magistrate judge denying their motion to compel production of documents. They contend four of the 21 documents at issue—document Nos. 31, 33, 35, and 44—should have been ordered produced because they are discoverable concerning the BLOP project. They maintain that the magistrate judge clearly erred or acted contrary to law when he held that documents relating to appraisals and potential sales of Bright Banc assets after it was placed in conservatorship are irrelevant to this action. Defendants contend first that the documents are discoverable in connection with their affirmative defenses of contributory negligence and mitigation of damages. They argue second that the withheld materials are apposite not only to these defenses but are relevant to the issue "whether, and to what extent, the RTC has suffered damages at all."

The RTC supports the magistrate judge's order, contending the documents in question "concern asset management documents relating to post-conservatorship actions of the RTC," and therefore are not discoverable.

## II

■ On the basis of the court's opinion in *RTC v. Sands,* 863 F.Supp. 365 (N.D.Tex. 1994), the court rejects defendants' contention that they may obtain the discovery in question in order to prove the affirmative defenses of contributory negligence and mitigation of damages. The court disagrees with defendants' reading of *O'Melveny & Myers v. FDIC,* — U.S. ——, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994), and holds on the basis of *FDIC v. Mijalis,* 15 F.3d 1314 (5th Cir.1994), *aff'g in part, rev'g in part* 800 F.Supp. 397 (W.D.La.1992), that neither affirmative defense is available to the extent predicated in the instant case upon the post-conservatorship conduct of the RTC. *See Sands,* 863 F.Supp. at 373 (rejecting defense of failure to mitigate damages) and 374 (striking contributory negligence defense).

## III

Defendants next contend the documents are discoverable in connection with determining the existence and amount of the RTC's alleged damages stemming from the BLOP project.

## A

The RTC argued before the magistrate judge that document Nos. 31, 33, 35, and 44 "are not discoverable because they relate to the post-conservatorship actions of the RTC. They concern the evaluation of the sale of certain assets or estimated losses. The documents are simply not relevant." *See* P. July 1, 1994 Ltr. to Judge Sanderson at 4. The RTC contended in the alternative that some of the documents "refer to privileged attorney-client communications," and requested that if the magistrate judge ordered disclosure, the RTC be given an opportunity to redact any privileged materials. *Id.* at 4–5. The magistrate judge agreed with the RTC that the documents need not be produced because "these documents relate to appraisals and contemplated sales of property owned by Bright Banc after the bank had been closed and do not address purported appraised values at or about the time that Bright Banc ceased operations." Order at 2. The RTC did not urge on any grounds other than relevance and the attorney-client privilege that the four documents in question should not be disclosed.

## B

■ Notwithstanding the unavailability of certain affirmative defenses, officers and directors sued by the RTC in its corporate capacity are entitled to challenge the amount of the RTC's alleged damages. *See Mijalis,* 15 F.3d at 1327 (holding persuasive FDIC's argument concerning inadmissibility of evidence of post-closing damages in which FDIC conceded that defendants could challenge FDIC's evidence regarding the salvage value of unliquidated collateral and thereby attack the damages figure recommended by the FDIC). Fed.R.Civ.P. 26(b)(1) permits the parties to obtain discovery "regarding

any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

■ In the present appeal, there is no dispute regarding the magistrate judge's factual findings pertaining to the documents at issue.[2] Defendants maintain that the magistrate judge acted contrary to law when he held the documents were not discoverable. Because the magistrate judge's legal conclusions are freely reviewable, *see Smith v. Smith,* 154 F.R.D. 661, 665 (N.D.Tex.1994), the court will conduct its own *in camera* inspection of the documents and will decide if any error of law occurred.

### C

Defendants point out that document Nos. 31, 33, 35, and 44 all appear to relate to the BLOP project, which is one of the transactions on which the RTC has sued these defendants. Based upon the court's *in camera* review, it concurs in defendants' position as to three of the four documents.

■ Document No. 31 addresses in relevant part the market value of the ground lease that is the subject of the BLOP claim. The document bears directly on the RTC's allegation that the project was a total loss. The RTC shall therefore produce the document. While no portion of the document appears to contain privileged communications, the RTC may redact any privileged portion that the court has been unable to determine is privileged.

■ Similarly, document No. 33 contains portions that bear upon the value of the BLOP project and is therefore discoverable with respect to the RTC's allegation that the project was a total loss. It is unclear whether certain statements in this document reflect privileged communications. The RTC

shall produce the document, but may redact any privileged portion.

■ Document No. 35 does not contain discoverable material concerning any issue in the suit. It is a two-page memorandum that reflects the Site Manager's instructions to an Asset Manager to review the RTC–Receiver's ability to foreclose on the parking garage that is part of the BLOP project, and reflects the Site Manager's evaluation of various options available to the receivership. The court therefore affirms the magistrate judge's decision in regard to this document.

■ Document No. 44 is discoverable. It is a document prepared during the Bright Banc conservatorship in November 1989, in which the RTC, acting as conservator, considered offering for sale on certain terms and conditions the 99–year ground lease that is part of the BLOP project. This document contains portions that are discoverable regarding the RTC's claim that the BLOP project was a total loss. Because parts of this document may support a claim of attorney-client privilege, the RTC may redact any portions that are protected by the privilege.

### D

From the court's *in camera* review of the four documents in question, it is clear that the non-privileged portions of document Nos. 31, 33, and 44 are within the scope of discovery prescribed by Rule 26(b)(1) because they are relevant either to the issue of the RTC's $12 million damages claim in connection with the BLOP project, or appear to be reasonably calculated to lead to the discovery of admissible evidence. Document No. 35 does not contain discoverable material. The magistrate judge was in part correct and in part in error in denying the motion to compel.

Accordingly, the magistrate judge's July 7, 1994 order denying defendants' motion to compel is affirmed in part and reversed in part. The RTC shall disclose the non-privileged portions of document Nos. 31, 33, and 44 within 15 days of the date this opinion is

**2.** Defendants have not examined the documents, of course. They have relied upon the magistrate judge's *in camera* inspection and the RTC's de-

scriptions of the withheld documents to contend these materials should be produced.

filed. If any part of a document is redacted on the basis of the attorney-client privilege, the RTC shall advise defendants of this fact and comply with Rule 26(b)(5).

AFFIRMED IN PART; REVERSED IN PART.